# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **JENNIFER MCCAFFETY BURROWS,** § § § | |
| **Plaintiff** § § | |
| VS. § § § | C.A. NO. 4:21-cv-2617 |
| **WALGREEN CO. d/b/a WALGREENS** § § § § | |
| **Defendant** § | |

## DEFENDANT WALGREEN CO. d/b/a WALGREENS' NOTICE OF REMOVAL

Defendant Walgreen Co. d/b/a Walgreens files this Notice of Removal under 28 U.S.C.§ 1446(c):

### STATEMENT OF GROUNDS FOR REMOVAL

1.  On July 19, 2021, Plaintiff filed this lawsuit in the 269th Judicial District Court, Harris County, Texas in Cause No. 2021-43544 and styled *Jennifer McCaffety Burrows v. Walgreen Co. d/b/a Walgreens*.

2.  Plaintiff's suit alleges that she slipped and fell in a store operated by Defendant, sustaining serious personal injuries as a result.

3.  Defendant was served with Plaintiff's Original Petition on July 23, 2021.

1

4. Defendant files this Notice of Removal within 30 days after its receipt of Plaintiff's Original Petition, as required by 28 U.S.C. 1446(b)(1).

5. Defendant denies Plaintiff's claims.

6. As required by 28 USC § 1446(a) and the Local Rules of the Southern District, Defendant has separately filed copies of all pleadings on file in the state court cause of action.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff's Petition alleges that Plaintiff is a resident of Harris County, Texas.

8. Defendant Walgreen Co. d/b/a Walgreens is an Illinois corporation with its principal place of business in Illinois.

8. As such, at both the time of filing the state court action and filing of this Notice of Removal, Walgreen Co. d/b/a Walgreens is a citizen of Illinois pursuant to 28 U.S.C. §1332(c) and thus complete diversity exists.

## AMOUNT IN CONTROVERSY

9. The state court action is one over which this Court has original jurisdiction. As such, this matter may be removed to this Court pursuant to 28 USC § 1332 because there is complete diversity between the parties. Additionally, the amount in controversy exceeds $75,000, excluding interest and costs.

10. Plaintiff's Petition alleges, in pertinent part:

> This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation for injuries she sustained in an incident that happened on or about September 8, 2020. On that date, Plaintiff was at a Walgreens store located at 9705 Spencer Highway in La Porte, Texas. Plaintiff, an invitee, was on the mat next to the security rails when he slipped and fell. Plaintiff fell and violently struck the floor, falling on her tailbone and landing in a sitting position. A Walgreens employee came to Plaintiff's assistance and had to call EMS due to the severe pain Plaintiff was in and her inability to get up on her own.

11. Plaintiff seeks an award of medical expenses in the past and future, pain and suffering in the past and future, mental anguish in the past and future, impairment in the past and future, lost wages in the past and future and disfigurement.

12. By letter to Defendant's representative dated May 5, 2021, Plaintiff's prior counsel provided several hundred pages of medical records which, he stated, "demonstrated the magnitude of our client's injuries and damages". The letter itemizes Plaintiff's alleged damages, including total claimed medical expenses of $156,352.07. Based on those claimed damages, a settlement demand of $2,000,000 was made.

13. In spite of the true nature of the damages sought, Plaintiff's Petition contains an improper attempt to avoid this Court's diversity jurisdiction. It states "Plaintiff asserts that monetary relief will not be more than $73,000, including all damages".

14. Texas law requires a party to plead a range of relief sought among five predefined damage ranges. See Tex Rule Civ P 47(c). Plaintiffs cannot plead a specific amount of damages beyond one of these ranges. *See Martinez v Liberty Insurance Corporation*, 2019 U.S. Dist. LEXIS 217051, 2019 WL 6894497, *2 (SD Tex). The lowest range is "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Tex Rule Civ P 47(c)(1).

15. Numerous cases hold that Texas law does not permit a plaintiff to plead that the damages sought will not exceed $75,000. For example, see *Chavez v State Farm Lloyds*, 2016 U.S. Dist. LEXIS 19920, 2016 WL 641634, at *2 (SD Tex) (discussing Tex Rule Civ P 47). Those cases also find such pleading to be a manipulation in bad faith to avoid federal jurisdiction. *Ibid* (citation omitted). This is so because damages as initially alleged in a Texas state court petition in no way limit a plaintiff from later amending pleadings to seek additional damages. For example, see *Sosa v Central Power & Light*, 909 SW2d 893, 895 (Tex 1995): "Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions."

16. Thus, Plaintiff's live pleading contravenes Texas state court rules and does not bind her to recover $73,000 or less. It is nothing more than an attempt to improperly circumvent federal diversity jurisdiction. *Chavez v. State Farm Lloyds*,

Civil Action No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016); *see also A & C Discount Pharmacy, L.L.C. v. Caremark, L.L.C.*, Civil Action No. 3:16-CV-0264-D, 2016 U.S. Dist. LEXIS 72370, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016). Furthermore, alleged damages stated in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because plaintiffs may supersede those allegations with amended pleadings. *See, e.g., Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) ("Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions.").

PROCEDURAL REQUIREMENTS FOR REMOVAL

18. Pursuant to 28 U.S.C. §§ 1441 and 1446 this Notice of Removal is timely; it is being filed no more than thirty days after service.

19. The United States District Court for the Southern District of Texas encompasses Harris County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a).

20. Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Court for the 269th Judicial District Court of Harris County, Texas, to affect the removal of the civil action to this Honorable Court as provided by law.

21.     Defendant Walgreen Co. d/b/a Walgreens specifically reserves the right to amend or supplement this Notice of Removal.

22.     By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

THEREFORE, Defendant Walgreen Co. d/b/a Walgreens prays that the Court take notice of removal of the case styled *Jennifer McCaffety Burrows v. Walgreen Co. d/b/a Walgreens*, bearing Cause No. 2021-43544, pending in the 269th Judicial District Court, Harris County, Texas, to the United States District Court, Southern District of Texas, Houston Division, and for such other and further relief to which it is entitled.

                Respectfully submitted,

By:  /s/ Phil Griffis
     PHIL GRIFFIS
     State Bar No. 08476400
     Federal No. 10528
     pgriffis@griffislawfirm.com
     1322 Space Park Drive, Suite A248
     Houston, Texas 77058
     Telephone:  (832) 284-4013
     Telecopier:  (713) 493-7253
     ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, pursuant to the Federal Rules of Civil Procedure, via ECF electronic service on this the 12th day of August 2021.

/s/ Phil Griffis
PHIL GRIFFIS

Via Electronic Service and Email
BASU LAW FIRM, PLLC
Annie Basu
Jordan Sloane
Adelyn Torres